# NO. 12-08-00135-CR
# NO. 12-08-00136-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *IN RE: MICHAEL KENNEDY,* | § | |
| *RELATOR* | § | *ORIGINAL PROCEEDING* |
| | § | |

## *MEMORANDUM OPINION*

Michael Kennedy seeks habeas relief from this court alleging that his bond is excessive.  He also seeks a writ of mandamus requiring the district clerk to file his application for writ of habeas corpus and motion to dismiss counsel, which he alleges were properly tendered but not accepted for filing by the clerk.  We dismiss for want of jurisdiction.

The original habeas jurisdiction of the courts of appeals is limited to those cases in which a person's liberty is restrained because the person has violated an order, judgment, or decree entered in a civil case.  TEX. GOV'T CODE ANN. § 22.221(d) (Vernon 2004).  Stated another way, courts of appeals do not have original habeas corpus jurisdiction in criminal law matters.  *See id*.  Because the underlying cause is a criminal case, we are without jurisdiction to grant the requested habeas relief.

Although courts of appeals may issue writs of mandamus, the Texas Legislature has not conferred on courts of appeals such authority generally.  Each court of appeals or justice of a court of appeals may issue writs of mandamus to enforce the jurisdiction of the court.  TEX. GOV'T CODE ANN. § 22.221(a) (Vernon 2004).  Also, each court of appeals for a court of appeals district may issue writs of mandamus against a judge of a district or county court in the court of appeals district or the judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52, Code of Criminal Procedure, in the court of appeals district.  *Id*. § 22.221(b).  Because Kennedy has

not shown that a writ of mandamus against the district clerk is necessary to enforce our jurisdiction, we are without authority to grant this relief.

Kennedy's application for writ of habeas corpus and petition for writ of mandamus are *dismissed for want of jurisdiction*.


    **JAMES T. WORTHEN**
Chief Justice


Opinion delivered May 21, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(DO NOT PUBLISH)